DERALD E. WARREN, APPELLANT, V. LINDA M. WARREN, APPELLEE.

149 N. W. 2d 44

Filed March 3, 1967. No. 36417.

William W. Lyons, for appellant.

LaFayette D. Hurley, for appellee.

Perry W. Phillips, for Spaths.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

As an aftermath of divorce this controversy over custody of minors arose between the maternal grandparents, William and Virginia Spath, and the father, Derald E. Warren. The district court continued custody of two children in the Spaths, who were allowed $100 for an attorney's fee. A concomitant transfer of two other children to Derald resulted from stipulations approved by the court. Derald has appealed.

Derald had obtained the divorce from Linda M. in March 1964. By the judgment she retained custody of their four children: Susan, age 4 years; Judy, age 3 years; Lester, age 2 years; and Mary, age 10 months. The following November the parents jointly moved to modify the custodial provisions, and the court approved. Placing Lester and Mary with the paternal grandparents, the court transferred custody of Susan and Judy to the Spaths. It also fixed the monthly support for each child at $35. In June 1966, the judgment under review was rendered after a hearing on the motion of Derald to regain custody of all four.

Derald had worked in Nebraska for a maximum wage of $70 per week up to August 1964. In debt and with $30 in his pocket he left to look for a better job. His present employment with Stepan Chemical Company began in April 1965. He is now a chemical operator earning approximately $145 per week. Owing one debt of an undisclosed amount but possessing $1,000, he hopes to buy a house. His home is a three-room apartment in Manhattan, Illinois, but two additional bed-

rooms are available. It is unlikely that the company will ask him to leave Manhattan.

Derald has been solicitous for the welfare of the children. He returned to Nebraska four or five times for visits. Lester and Mary lived with him 2 months of 1965, but Derald was compelled to send them back because a custodial plan failed. His interest was also shown by letters, gifts, and compliance with the judgment for support.

Linda Spencer married Derald in March 1966. Twenty years of age, she has a limited background for rearing children. She took care of small children 10 days while the mother was hospitalized. We assume that Linda S. undertook responsibility for Lester and Mary in June 1966. The chief uncertainties entertained by the trial judge and the Spaths are related to the youth and inexperience of Linda S. as well as to the relinquishment by Derald. The mother of the children consented to the requested transfer.

William Spath, a railroad employee, is subject to transfer. Between November 1964, and June 1966, the Spaths were compelled to move once or twice. Susan attended school in Concordia, Kansas, the first semester of one year, and in Cambridge, Nebraska, the second semester. Parental solicitude of the Spaths is admitted.

We note several considerations: Severe financial difficulties underlying relinquishment of custody by a parent. See, Barnes v. Morash, 156 Neb. 721, 57 N. W. 2d 783; State ex rel. Britton v. Bryant, 95 Neb. 129, 145 N. W. 266. Strength of the bond between children and parent-surrogates. Danger of an experiment. State ex rel. Cochrane v. Blanco, 177 Neb. 149, 128 N. W. 2d 615. Opportunity of siblings to grow up together. See Bath v. Bath, 150 Neb. 591, 35 N. W. 2d 509. Permanence of physical environment and prospects for attachments outside the family. Emerson v. Quinn, 79 Idaho 358, 317 P. 2d 344. Parental faithfulness.

Changed circumstances that substantially affect the

welfare of minors are a good reason for modification of a custody award. See § 42-312, R. R. S. 1943. We review the record de novo. Without specialized expertise in the behavioral sciences we think that custody of Susan and Judy should be awarded to Derald.

The allowance for an attorney's fee was made to the Spaths alone, Linda M. appearing without counsel. Such an allowance is erroneous unless it is permitted by statute or uniform practice. Timmerman v. Timmerman, 163 Neb. 704, 81 N. W. 2d 135, 65 A. L. R. 2d 1372; Abramson v. Abramson, 161 Neb. 782, 74 N. W. 2d 919. The statute authorizing suit money for the wife applies to a mother, although she and grandparents are jointly represented by an attorney. § 42-308, R. R. S. 1943; Caporale v. Hale, 169 Neb. 751, 100 N. W. 2d 847. That situation is distinguishable. The allowance to the Spaths was erroneous. See McGuire v. McGuire, 190 Kan. 524, 376 P. 2d 908.

The judgment is modified as follows: (1) Custody of Susan and Judy is awarded to Derald with permission for removal out of the state. (2) Derald shall return the children to Nebraska at least two times each year for visits with Linda M. and the Spaths. (The judgment has a similar provision concerning Lester and Mary.) (3) The provision for child support is vacated except for payments due prior to the date of our mandate. (4) The allowance of $100 for an attorney's fee is vacated. (5) Costs are taxed to the Spaths. The judgment, as modified, is affirmed, with costs in this court taxed to the Spaths.

AFFIRMED AS MODIFIED.