In the Matter of AMERICAN BEEF PACKERS, INC., Debtor.

NORTHWESTERN NATIONAL BANK and Northwestern National Bank as Agent for Northwest Agricultural Credit Company, Appellants,

v.

AMERICAN BEEF PACKERS, INC., Appellee.

No. 76–1312.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 16, 1976.

Decided Jan. 25, 1977.

---

**9.** The supplementing regulations are set forth at 20 C.F.R. §§ 416.981–85. *See* 40 Fed.Reg. pp. 51624–25, Nov. 6, 1975.

Michael G. Brady, Omaha, Neb., for appellants; Patrick J. Peartree, Omaha, Neb., on the brief.

Warren R. Whitted, Jr., Omaha, Neb., for appellee; Douglas W. Reno, Omaha, Neb., on the brief.

Before STEPHENSON and HENLEY, Circuit Judges, and MEREDITH, Chief District Judge.*

MEREDITH, Chief District Judge.

This is an appeal from an order entered on March 12, 1976, by Judge Robert V. Denney of the United States District Court for the District of Nebraska, affirming an order entered on September 25, 1975, by Judge David L. Crawford of the Bankruptcy Court for said district. The order of Judge Crawford granted an application of appellee requiring appellants to return attorneys' fees received by appellants from proceeds of a sale of collateral, pursuant to certain agreements between appellants and the appellee. We affirm the District Court.

American Beef Packers, Inc., filed its petition for arrangement, pursuant to Chapter XI of the Bankruptcy Act, on January 7, 1975. At the time of the bankruptcy filing, Northwestern National Bank had loans outstanding to American Beef Packers, Inc., which were partially secured by a security interest in cattle and feed owned by American Beef Packers, Inc., and located at the feed lot in Minatare, Nebraska, which was also owned by American Beef Packers, Inc. The security interest of the bank provided for the payment of attorneys' fees from the proceeds of the sale of collateral. Appellants never had ownership or possession of the cattle in question. The cattle were sold under an order of the Bankruptcy Court and from the proceeds of the sale the appellants retained attorneys' fees in the amount of $17,122.54.

The question presented is whether or not appellants are entitled to attorneys' fees under the Nebraska law. The courts of Nebraska for many years have followed the principle that the recovery of attorneys' fees will be permitted only where the state legislature has expressly provided by statute that an award of such fees may be made by the court. *Dow v. Updike*, 11 Neb. 95, 7 N.W. 857 (1881). Section 9–504(1) of the Nebraska Uniform Commercial Code provides in pertinent part as follows:

(1) A secured party after default may sell, lease or otherwise dispose of any or all of the collateral in its then condition or following any commercially reasonable preparation or processing. Any sale of goods is subject to the article on Sales (article 2). The proceeds of disposition shall be applied in the order following to (a) the reasonable expenses of retaking, holding, preparing for sale, selling and the like and, to the extent provided for in the agreement and not prohibited by law, the reasonable attorneys' fees and legal expenses incurred by the secured party; (b) the satisfaction of indebtedness secured by the security interest under which the disposition is made; * * *

The comments to Nebraska Uniform Commercial Code, Nebraska Revised Statute,

* The Honorable JAMES H. MEREDITH, Chief Judge, United States District Court for the Eastern District of Missouri, sitting by designation.

section 9–504, (reissued 1971) makes no mention of attorneys' fees, under this section, which indicates it was not the Legislature's intention to change the attorneys' fees ruling long established and adhered to by the Nebraska courts.

 In Nebraska the allowance of attorneys' fees is erroneous unless it is permitted by statute or uniform practice and the statutes must be strictly construed. *Warren v. Warren*, 181 Neb. 436, 149 N.W.2d 44 (1967); *Morton v. Travelers Indemnity Co.*, 171 Neb. 433, 106 N.W.2d 710 (1960).

 It was the view of the District Court that the reference in section 9–504(1)(a) to attorneys' fees is only to permit recovery where the state law recognizes recovery. It further stated: "Notably, the comments to this section make no mention of a change in the state law relative to attorneys' fees. The Court cannot envision such a sweeping change in the state law by such innocuous phraseology as is found in § 9–504(1)(a)." The Supreme Court of Nebraska has not passed on this specific question. Therefore, this Court gives great weight to the opinion of the District Judge interpreting the law of his own state, and, accordingly, the judgment of the District Court is affirmed.

Affirmed.