DONALD A. HAERRY, SUCCESSOR PERSONAL REPRESENTATIVE OF THE ESTATE OF ELISE HOFFSCHNEIDER, DECEASED, APPELLEE, v. ALFRED HOFFSCHNEIDER, APPELLANT.

276 N. W. 2d 196

Filed March 13, 1979. No. 41794.

Blevens, Blevens & Jacobs, for appellant.

Wallace W. Angle of Angle & Lang and C. Russell Mattson of Mattson, Ricketts, Davies, Stewart & Calkins, for appellee.

Heard before SPENCER, C. J., Pro Tem., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

KUNS, Retired District Judge.

This is an action by Donald A. Haerry, Successor Personal Representative of the Estate of Elise Hoffschneider, plaintiff and appellee, against Alfred Hoffschneider, defendant and appellant, for the recovery of amounts alleged to be due upon a contract. The District Court for Seward County, Nebraska, rendered judgment against appellant, who now assigns error. We affirm in part and reverse in part.

The record shows that Elise Hoffschneider, a widow, had two children, Melba Marie Holm, hereinafter referred to as Melba, and Alfred Hoffschneider, hereinafter referred to as Alfred. She had given a quarter-section farm to Alfred in 1965. Subsequently, on November 29, 1966, accompanied by Alfred, she consulted her attorney and had him pre-

pare the following: (1) A deed conveying another quarter-section farm to Alfred, reserving to grantor a life estate therein; (2) a will devising a quarter-section farm to Melba, with a limitation over to Alfred if Melba failed to survive testatrix, and the residue of her estate to Alfred; and (3) an agreement in the following language:

"THIS AGREEMENT made between Elise Hoffschneider and Alfred Hoffschneider, her son, WITNESSETH:

"That Elise Hoffschneider has this day conveyed certain real estate in Seward County, Nebraska, to Alfred Hoffschneider and has this day executed her Last Will and Testament, and in consideration thereof the said Alfred Hoffschneider agrees that if the assets of the estate of Elise Hoffschneider are insufficient to pay debts, except mortgage encumbrances, expenses of administration and any estate and inheritances [sic] taxes on property passing under her will, then he will at the time of her death pay to her estate sufficient sums of money as shall be required for the payment of such liabilities in order that the real estate described in her will shall pass to her daughter, Melba Marie Holm, subject only to the mortgage thereon in favor of the Federal Land Bank of Omaha.

"Dated November 29, 1966."

Elise Hoffschneider signed all three documents and Alfred signed the agreement. He entered into the possession of the realty conveyed to him but Elise Hoffschneider never asserted her life tenancy therein. There were no further transactions between Alfred and his mother in connection with these matters.

Following the death of Elise Hoffschneider on September 13, 1975, her will was admitted to probate without objection. Letters Testamentary were issued to W. A. Refshauge, the executor named in the will, who died during the pendency of his executorship and the appellee was appointed as his succes-

sor. As the probate proceeded, the following liabilities against the estate were established: Debts and expenses of administration - $7,304.56; federal estate tax - $23,119.19; and state inheritance tax - $1,172.36. None of these amounts had been paid except the state inheritance tax. Interest and penalties were accumulating upon the federal estate tax liability. Personal property in the hands of the executor amounted to $2,270.28, with the only remaining asset being the realty devised to Melba. Demand was made upon Alfred to pay the balance due upon these liabilities, and, upon his refusal, this action was filed.

The petition alleged the execution of the agreement, the amount of liabilities, and the demand for payment; and prayed for judgment. The appellant, in his second amended answer, after denying the allegations of the petition generally, alleged the agreement was void because it was a testamentary act not executed according to the statute and because it had been revoked by the terms of the will of Elise Hoffschneider. The reply was a general denial. A jury was waived and trial was had to the court. The above amounts were stipulated by the parties. The court found generally in favor of the appellee and entered judgment against the appellant for the amounts prayed, and costs, including an attorney's fee fixed by the court.

Appellant's principal assignment of error is directed against the finding and judgment of the court that the agreement was an enforcible contract against the appellant. He argues that the agreement was testamentary and should have been executed in accordance with section 30-204, R. R. S. 1943. It should be noted that the agreement simply recites the execution of the deed and the will and contains no independent provisions disposing of any property or rights belonging to Elise Hoffschneider. The parties then agreed that Alfred should pay to

the estate the amounts needed after the death of Elise Hoffschneider to exonerate the devise to Melba from all charges, except the mortgage to the Federal Land Bank. The time of death is simply a time for performance. In dealing with a similar contention, in Brock v. Lueth, 141 Neb. 545, 4 N. W. 2d 285, this court said: " 'A testamentary disposition of property involves the act or will of a single individual, a condition that does not here exist. The question involved is rather one arising out of contracts between parties in every respect possessing the capacity to contract. The rights of the parties must, therefore, depend upon their contract obligations, and in the determination of those rights the contracts should be considered in the light of surrounding circumstances and the condition of the parties at the time of making them.' " A will is a unilateral disposition of property binding only from the death of the maker; a contract is an agreement drawing its binding force from the meeting of the minds of the parties. 94 C. J. S., Wills, § 140, p. 920. Since the agreement is bilateral and not testamentary, execution in accordance with section 30-204, R. R. S. 1943, was not required.

Appellant next argues that the provisions of clause II of the will are inconsistent with and prevail over the terms of the agreement. The will reads: "All estate, inheritance, legacy, succession or transfer taxes (including any interest and penalties thereon) imposed by law with respect to all property taxable by reason of my death, limited however to property passing under this will, shall be paid by my executor out of my general estate as a part of the expenses of administration with no right of reimbursement from any beneficiaries under the terms of this will."

Although the deed, the will, and the agreement were all executed upon the same date and may be read together for the purpose of ascertaining intention, it should be noted that the will refers to the

previous conveyance by the deed and the agreement refers to the previous execution of the will. Appellant's argument, that the will revoked the obligation of the agreement, must fail because the agreement, although contemplated, was not in existence at the time of the execution of the will and for the further reason that such a revocation would be completely inconsistent with the general estate plan of Elise Hoffschneider as manifested in the three documents. A revocation of the agreement would bring about the complete reverse of the stated intention of Elise Hoffschneider that the devise to Melba should be subject only to the mortgage to the Federal Land Bank. The decisions cited by the appellant in support of his argument on this point all involve situations where the obligation, claimed to be waived, revoked, or released by provisions of a will, had come into existence before the will was executed and it was held that the testator had clearly intended to release and discharge such obligations upon his death. Here, the documents give a preference to Alfred, then provide for Melba, and finally provide an obligation to be collected by the executor so that the devise to Melba will be free from debts, taxes, and expense of administration. The testatrix was entitled to plan so that the land she had owned would stay in the family without being subject to possible sale by the executor to meet estate debts. The trial court construed the deed, the will, and the agreement correctly and properly imposed liability upon the appellant.

The next assignment of error is against the amount of attorney's fees taxed as costs. The taxation of any attorney's fee as a part of the cost appears to be such a plain error that it should be considered under Rule 8 a 2 (3), Revised Rules of Supreme Court, 1977, even though not specifically assigned. Both parties agree that the provision of the agreement relating to expenses of administration

should include attorney's fees. Even though such a contractual obligation may be enforced and reduced to judgment in an appropriate action, a trial court may not proceed to fix such fee and tax it as a part of the costs. 20 C. J. S., Costs, § 218, p. 459. The parties are entitled to make up and to try issues of such liability, the same as any other issues in a case. It has long been the rule that the practice in this state is to allow the recovery of attorney's fees only when provided by statute or in accordance with a uniform course of procedure. State ex rel. Ebke v. Board of Educational Lands and Funds, 159 Neb. 79, 65 N. W. 2d 392. The portion of the judgment fixing and taxing attorney's fees as part of the costs is vacated and reversed, without prejudice, however, to the maintenance of a further action for the recovery of such fees. The judgment of the trial court is affirmed in all other respects.

AFFIRMED IN PART, AND IN PART REVERSED.