JAMES D. QUINN, TRUSTEE, APPELLEE, v. GODFATHER'S INVESTMENTS, INC., A NEBRASKA CORPORATION, ET AL., APPELLANTS.

348 N.W.2d 893

Filed May 25, 1984. No. 83-508.

John W. Iliff, Eugene P. Welch, and Edward G. Warin of Gross, Welch, Vinardi, Kauffman & Day, P.C., for appellants.

Paul A. Rauth of Marks, Clare, Hopkins, Rauth & Cuddigan, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, and SHANAHAN, JJ.

BOSLAUGH, J.

This was an action for a declaratory judgment to determine whether the defendants, Godfather's Investments, Inc., as lessee, and William M. Theisen, as guarantor, were liable to the plaintiff, Quinn, under a lease agreement. The lease contained a provision that if the defendant lessee was unable to obtain "financing" for the construction of "contemplated improvements," the lessee could terminate the lease. The trial court found that the agreement was vague and ambiguous as to the term "financing"; that there was a failure of proof as to mutual assent among the parties; and that the defendants had made a good faith effort to obtain financing. Upon appeal the judgment was affirmed in 213 Neb. 665, 330 N.W.2d 921 (1983).

On April 14, 1983, the defendants filed a motion for an order granting them attorney fees under the following provision in the lease: "J. The Lessor and Lessee each agree that in the event of any dispute or litigation involving this lease, that the prevailing party shall be entitled to recover all costs of suit, including reasonable attorneys fees."

The trial court found that the previous litigation had determined that the contract was invalid and unenforceable, and denied the motion. The defendants have appealed.

In addition to the grounds mentioned in the order of the trial court, we believe that the provision for attorney fees is void and unenforceable under any circumstances.

The general rule in this jurisdiction is that attorney fees may be recovered only in such cases as are provided by statute, or where the uniform course of procedure has been to allow such recovery. *Gates v. Howell*, 211 Neb. 85, 317 N.W.2d 772 (1982). An allowance for attorney fees as costs is erroneous unless it is permitted by statute or uniform practice. *Warren v. Warren*, 181 Neb. 436, 149 N.W.2d 44 (1967).

In *Security Co. v. Eyer*, 36 Neb. 507, 510, 54 N.W. 838, 839 (1893), the plaintiff attempted to enforce a provision in a note and mortgage for the mortgagee to recover an attorney fee in the event of foreclosure. In holding the provision invalid this court stated:

This court in repeated decisions has held, and it is now the settled law of this state, that stipulations of this character found in contracts executed since June 1, 1879, the date of the taking effect of the act repealing the attorneys' fees statutes, are invalid and will not be enforced. (*Dow v. Updike*, 11 Neb., 95; *Hardy v. Miller*, Id., 395; *Otoe Co. v. Brown*, 16 Id., 395; *Winkler v. Roeder*, 23 Id., 706.) The question being no longer an open one we shall not now attempt to examine the subject anew, or to review the authorities which hold a different view from the one enunciated by this court in the cases cited above. If the rule is changed in this state it should be by statute, and not by judicial decision.

In *City of Gering v. Smith Co.*, 215 Neb. 174, 180-81, 337 N.W.2d 747, 751-52 (1983), we said:

Smith, by way of cross-appeal, urges us to enforce the provisions of the City's contract which provide that in the event either of the parties institutes a lawsuit against the other and the party instituting the suit does not recover all damages sought, the defendant should be entitled to the cost of defense as determined in accordance with the terms of the contract. While this court has recently reexamined its position with regard to the awarding of attorney fees and has, in limited instances, now made an exception (see *Holt County Co-op Assn. v. Corkle's, Inc.*, 214 Neb. 762, 336 N.W.2d 312 (1983)), we nevertheless continue to adhere to our longstanding rule first stated by us in *Higgins v. Case Threshing Machine Co.*, 95 Neb. 3, 7, 144

N.W. 1037, 1039 (1914), wherein we said: "It is the practice in this state to allow the recovery of attorneys' fees only in such cases as are provided for by law, or where the uniform course of procedure has been to allow such recovery. As a general rule of practice in this state, attorneys' fees are allowed to the successful party in litigation only where such allowance is provided by statute." See, also, *Gates v. Howell*, 211 Neb. 85, 317 N.W.2d 772 (1982). Thus, absent a statute or evidence of long-standing custom, we are not prepared to extend our prohibition concerning the allowance of attorney fees beyond that which we have recently provided in the *Holt County Co-op Assn. v. Corkle's, Inc.*, case, even though the contract provides for such fees. We do so on the basis of our earlier holdings to the effect that such contracts are contrary to public policy and therefore invalid. *Dow v. Updike*, 11 Neb. 95, 7 N.W. 857 (1881); *Security Co. v. Eyer*, 36 Neb. 507, 54 N.W. 838 (1893). See *Dodge v. Tulleys*, 144 U.S. 451, 12 S. Ct. 728, 36 L. Ed. 501 (1892). See, also, *Occidental Sav. & Loan Assn. v. Venco Partnership*, 206 Neb. 469, 293 N.W.2d 843 (1980). The trial court's refusal to award attorney fees in this case was correct.

The exception relating to vexatious, unfounded, and dilatory conduct by counsel, amounting to bad faith, established in *Holt County Co-op Assn. v. Corkle's, Inc.*, 214 Neb. 762, 336 N.W.2d 312 (1983), has no application here.

The appellants rely upon *Haerry v. Hoffschneider*, 202 Neb. 534, 276 N.W.2d 196 (1979). The *Haerry* case involved a contract between a testator and her son, a donee of real estate, which contract contained a provision that the son would provide funds to the estate in the event the assets of the estate were insufficient to pay debts, taxes, and expenses of administration, and permits a devise of real estate to a daughter, subject only to a mortgage. We held that

it was plain error for the trial court to tax an attorney fee as costs in that case, and vacated that part of the judgment. The opinion further stated that the decision was without prejudice to a further action to determine whether the personal representative was entitled to recover attorney fees as a part of the expenses of administration from the son. There is nothing in the *Haerry* decision which supports the claim of the defendants in this case.

The judgment is affirmed.

AFFIRMED.

CAPORALE and GRANT, JJ., not participating.