KENNETH DRINKWINE, APPELLEE AND CROSS-APPELLANT, V. DAVID FLEBBE ET AL., MEMBERS OF THE NEBRASKA STATE PERSONNEL BOARD; JAN PIEPER, DIRECTOR, STATE DEPARTMENT OF PERSONNEL, ET AL., APPELLANTS AND CROSS-APPELLEES.

363 N.W.2d 152

Filed February 15, 1985.   No. 83-688.

Paul L. Douglas, Attorney General, and Sharon M. Lindgren, for appellants.

Beverly Evans Grenier of Steven D. Burns, P.C., for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

This is an appeal from an order of the district court for Lancaster County modifying a decision of the Nebraska State Personnel Board (hereinafter Board). The Board had ordered reinstatement of a discharged correctional officer without backpay. The district court affirmed the reinstatement of the

employee but modified the Board's order by awarding backpay for the period in excess of 15 days during which the employee was out of work, and awarded an attorney fee. We affirm in part and reverse in part the order of the district court.

The plaintiff-appellee, Kenneth Drinkwine, was a correctional officer at the Lincoln Correctional Center, a facility operated by the Department of Correctional Services (hereinafter Department). On February 1, 1982, he refused to work the position to which he had been assigned. He was relieved of duty without pay, pending disciplinary action. On February 5, 1982, he received notice of termination of his employment, effective February 2, 1982, with 2 weeks' pay in lieu of further notice. Drinkwine filed a grievance requesting reinstatement and backpay. His grievance was denied by the head of the Department and by the state Director of Personnel. He appealed the denial to the Board. The Board found that the Department had deprived Drinkwine of his due process rights by not providing a hearing to allow Drinkwine the opportunity to present mitigating circumstances, and ordered reinstatement. The Board, however, awarded no backpay. Drinkwine appealed the denial of backpay to the district court, naming the members of the Board, the Director of Personnel, and the Department as defendants. In his appeal Drinkwine claimed that his union contract with the Department limited "suspension without pay" to 15 days. The district court agreed, and awarded "back pay for that period of his enforced leave of absence which is in excess of fifteen (15) working days that he was without work from February 1, 1982, until September 1, 1982." The court also taxed costs and attorney fees to defendants. Defendants appeal, alleging three assignments of error.

Defendants' first assignment of error sets out that "[t]he district court improperly interpreted the portion of the contract in dispute." They allege that the plaintiff was never "suspended without pay," but was "dismissed" pending appeal. Brief for Appellants at 7. The distinction cannot stand, on close analysis.

Different jurisdictions take different positions in considering the distinction, if any, between suspension without pay and discharge and reinstatement without backpay. We feel the better

view is that set forth in *Millan v. Morris View*, 177 N.J. Super. 620, 427 A.2d 605 (1981). In that case an employee was discharged for insubordination. After a hearing before the Civil Service Commission, the employee was ordered reinstated without backpay after a 6-month suspension because the commission found that her actions did not warrant dismissal. A New Jersey statute limited suspensions without pay to 6 months. However, the commission's order, because it was rendered a year and a half after the employee's discharge, resulted in a net loss of pay of 18 months. "Hence, the practical effect of the Commission's ruling, no pay for the entire period until reinstatement, is equivalent to suspension for 18 months." *Id.* at 624, 427 A.2d at 606-07. The New Jersey court determined that the commission "lacks authority to ignore the clear mandate of the statutory provision limiting suspension to a six-month period." *Id.* at 625, 427 A.2d at 607. In this case, although Nebraska does not have a statute on the point, neither the Department, the personnel director, nor the Board had the authority to ignore the clear agreement, set out in Drinkwine's union contract, limiting suspensions to 15 days.

Thus, in the instant case, the Board is limited by the contract between Drinkwine's union and the Department to imposing suspensions without pay for 15 days or less. The effect of reinstatement without backpay is to suspend Drinkwine for 7 months without pay, in violation of the union contract. We hold that the device of discharging an employee and later reinstating the employee without backpay cannot be used to avoid employment provisions limiting employee suspensions without pay. The district court's award of backpay for the period over 15 days is correct and is affirmed. An opposite result would allow the Department to avoid its responsibilities under the contract with the union and to impose a suspension without pay of more than 15 days through wrongful discharge and reinstatement.

Defendants' second assignment of error is that the trial court improperly limited the discretion of the Board. Defendants argue that the union contract provision limiting suspensions is binding only upon the Department, not upon the Board, and that it cannot be read to limit the Board in fashioning an appropriate remedy. The Board, they suggest, is governed only

by statutes and by its own regulations. We do not agree.

State agencies are authorized to enter into collective bargaining agreements by Neb. Rev. Stat. § 48-837 (Reissue 1984). Any agreements negotiated pursuant to that section must be approved by the Legislature. The contract in dispute was approved by the Legislature as required (L.R. 191, 87th Leg., 1st Sess., May 28, 1981). It cannot reasonably be said that the state can allow one of its agencies to enter a contract and allow another agency reviewing disputes arising out of that contract to ignore it. The Legislature's approval of the contract negated any argument that any arm of the state is not bound by it. The Board is therefore bound by the contractual provision limiting suspensions without pay to 15 days. Within the limits of that contract and its own regulations, the Board is free to fashion an appropriate remedy.

The final assignment of error is that the trial court should not have awarded attorney fees because the state's position was substantially justified. Neb. Rev. Stat. § 25-1803 (Cum. Supp. 1984) provides that attorney fees shall be awarded to a prevailing party and against the state unless the state's position was "substantially justified." On cross-appeal Drinkwine argues that he should have been allowed to make a showing of attorney fees pursuant to Neb. Rev. Stat. § 25-1804 (Cum. Supp. 1984). The court awarded $500 attorney fees without such a showing.

We need not reach either contention because, as provided in Neb. Rev. Stat. § 25-1807 (Cum. Supp. 1984), the sections set out above are applicable only to "legal and administrative proceedings initiated after July 17, 1982." The grievance in this action was presented to the superintendent of the Lincoln Correctional Center on February 26, 1982. The denial of the grievance was appealed to the Director of Personnel on April 2, 1982, and to the State Personnel Board on June 7, 1982. The proceeding was clearly initiated prior to the effective date of the act. We therefore cannot base an award of attorney fees on that statute. Absent statutory authority or uniform practice, we cannot award attorney fees. *Quinn v. Godfather's Investments*, 217 Neb. 441, 348 N.W.2d 893 (1984).

The award of attorney fees is reversed. The judgment of the

district court in all other respects is affirmed.

AFFIRMED IN PART, AND IN PART REVERSED.