# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2260

_____

|  |  |  |
|---|---|---|
| Joseph DiCarlo; Mary Kay DiCarlo, | * | |
| | * | |
| Appellants, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Keller Ladders, Inc.; | * | |
| Builder's Square, Inc., | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: February 18, 2000
Filed: April 28, 2000

_____

Before WOLLMAN, Chief Judge, BOWMAN, and MORRIS SHEPPARD ARNOLD,
       Circuit Judges.

_____

BOWMAN, Circuit Judge.

Joseph DiCarlo fell from a stepladder. He and his wife, Mary Kay DiCarlo, brought this suit to recover for resulting injuries, the defendants being the manufacturer of the ladder, Keller Ladders, Inc., and the firm believed to have sold the ladder, Builder's Square, Inc. For convenience, we refer to the defendants collectively as "Keller." The DiCarlos pleaded two strict liability causes of action under Missouri law, defective design and failure to warn, as well as a negligence claim, which is not

relevant to this appeal. During trial, the District Court[1] granted judgment as a matter of law for Keller on the failure-to-warn claim, and the jury returned a defendants' verdict on the design-defect claim. The DiCarlos appeal, claiming the District Court erred in granting judgment as a matter of law on the failure-to-warn claim and in several evidentiary rulings. We affirm.

I.

We begin with the DiCarlos' failure-to-warn claim. During their case in chief, the DiCarlos presented evidence from which the following could reasonably be inferred: That while Joseph DiCarlo was pruning a tree, he stood on the fifth step of a stepladder; that rivets held the step in place; and that the failure of a rivet caused the step to give way and DiCarlo to fall. The DiCarlos presented no evidence about a warning whatsoever. At the close of the DiCarlos' case, the District Court granted judgment as a matter of law for Keller on the failure-to-warn claim based on a total lack of proof. See Fed. R. Civ. P. 50(a).

As the trial continued on the DiCarlo's design-defect claim, Keller presented its defense. During cross-examination, one of Keller's expert witnesses, engineer Jon VerHalen, testified that stepladders such as the one at issue should, and often do, exhibit a warning label that recommends against standing on the fifth step. This ladder's fifth step is its penultimate; only the end cap is higher. Standing on the fifth step, and therefore without something to hold on to or lean against, VerHalen testified, persons are likely to lose their balance and fall. At the close of the evidence, the DiCarlos asked the District Court to reconsider its previous ruling and allow the failure-

---

[1] The Honorable John T. Maughmer, Chief United States Magistrate Judge, Western District of Missouri. Chief Judge Maughmer presided over the case with the consent of the parties. See 28 U.S.C. § 636(c) (1994).

to-warn claim to go to the jury based on VerHalen's testimony. The Court declined, concluding that while the evidence might permit the inference that the stepladder should have and did not exhibit a warning, a failure to warn of the danger of losing one's balance could not have caused DiCarlo's fall. That fall, according to the DiCarlos' own evidence, occurred not because DiCarlo lost his balance, but because the step gave way.

The DiCarlos appeal, claiming that if the stepladder had contained a warning about the danger of losing one's balance, then Joseph DiCarlo would have not stood on the fifth step, which would have saved him from the hazard of the step's failing. We review de novo, viewing the evidence in the light most favorable to the DiCarlos. See Weber v. Strippit, Inc., 186 F.3d 907, 912 (8th Cir. 1999). The DiCarlos may be correct from a cause-in-fact perspective; if the warning had been in place, the injuries might not have occurred. See Arnold v. Ingersoll-Rand Co., 834 S.W.2d 192, 194 (Mo. 1992) (discussing rebuttable presumption that warning would be heeded). But cause in fact is insufficient under Missouri law; a defendant's act or omission must also be the proximate cause of the plaintiff's injuries. See id at 193. The plaintiff's injury therefore must be the "natural and probable consequence" of a defendant's conduct. Krause v. U.S. Truck Co., 787 S.W.2d 708, 710 (Mo. 1990). Even viewing the evidence most favorably to the DiCarlos, the lack of a warning about the danger of losing one's balance caused DiCarlo to fall only because of an intervening occurrence—the failure of the ladder's fifth step—and thus, as a matter of law, the lack of a warning about the danger of losing one's balance could not be the proximate cause of the DiCarlos' injuries. See Stroot v. Taco Bell Corp., 972 S.W.2d 447, 449 (Mo. Ct. App. 1998). Accordingly, the failure-to-warn claim was properly kept from the jury. See Fought v. Hayes Wheels Int'l, Inc., 101 F.3d 1275, 1277 (8th Cir. 1996).

II.

We turn to the DiCarlos' numerous evidentiary arguments. Decisions about the admissibility of evidence during trial are within the trial court's broad discretion and we review only for an abuse of that discretion. See Porous Media Corp. v. Pall Corp., 173 F.3d 1109, 1117 (8th Cir. 1999). Many of the DiCarlos' claims concern Federal Rule of Evidence 403, which permits the exclusion of evidence when the probative value of the evidence is substantially outweighed by its unfair prejudice. In reviewing Rule 403 determinations, we give great deference to the trial judge. See id. Some of the DiCarlos' asserted errors were unobjected to at trial, and therefore are reviewable under the even more deferential plain-error standard. See Fed. R. Evid. 103.

Keller introduced a videotaped statement by Mr. DiCarlo that, among other things, showed the spot where the accident occurred and, coincidentally, showed the DiCarlos' home. The DiCarlos assert that the statement distorted the slope of the ground on which the ladder stood and also introduced the irrelevant issue of the DiCarlos' wealth into the case. The videotape was clearly relevant and we conclude that the District Court did not abuse its discretion in concluding that the evidence's probative value was not substantially outweighed by any unfair prejudice.

Keller introduced evidence that the ladder at issue met the standards promulgated by the American National Standards Institute (ANSI). The DiCarlos assert that the evidence was irrelevant, confusing, and unfairly prejudicial. We have previously held that evidence of compliance with ANSI standards bears on the question of whether a product contains a design defect. See Miller v. Yazoo Mfg Co., 26 F.3d 81, 82-84 (8th Cir. 1994) (applying Missouri substantive law). The District Court was therefore well within its discretion in admitting the evidence.

The DiCarlos object to the testimony of Jon VerHalen, Keller's expert witness. They claim that VerHalen's testimony was unreliable because he was biased in favor

of Keller. Determining the credibility of a witness is the jury's province, whether the witness is lay or expert. See 3 Weinstein's Federal Evidence § 601.03[2][a] at 601-13 (Joseph M. McLaughlin ed., 2d ed. 2000) (stating that "clear trend of authority" is for the jury to hear testimony and "evaluate facts bearing on the witness' deficiencies"); 4 id. §. 702.06[8] at 702-59 ("An expert witness's bias goes to the weight, not the admissibility of the testimony, and should be brought out on cross-examination."). The District Court properly allowed VerHalen to testify and then allowed the DiCarlos to present their evidence of bias. The DiCarlos' other claims concerning VerHalen—that his testimony violated an unwritten pretrial order, that the DiCarlos' cross-examination about alleged inconsistencies in VerHalen's income tax returns was cut short, that VerHalen did not produce his income tax returns quickly enough, and that the trial court erroneously failed to hold a hearing on the reliability of VerHalen's testimony[2]—are simply without merit.

## III.

Keller argues that this appeal should be dismissed because the DiCarlos' brief fails to meet the requirements of the Federal Rules of Appellate Procedure and the Eighth Circuit Rules of Appellate Procedure. This contention is not without force, as the brief's argument section lacks even rudimentary citations to the record. See Fed. R. App. Pro. 28(a)(9)(A), (e). We admonish the DiCarlos' counsel for wasting this Court's limited resources, but we decline to reject the appeal outright.

The decision of the District Court is affirmed.

---

[2] The DiCarlos do not assert, on any ground other than alleged bias, that VerHalen's testimony was inadmissible under the standards established by Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), and its progeny.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.