# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 99-3174/99-3333

_____

| | | |
|---|---|---|
| Carl Shen, | * | |
| | * | |
| Appellant/Cross-Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District of |
| | * | Nebraska. |
| Leo A. Daly Company, a Nebraska | * | |
| Corporation, | * | |
| | * | |
| Appellee/Cross-Appellant. | * | |

_____

Submitted:  April 12, 2000

Filed:  August 2, 2000

_____

Before BEAM, ROSS, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

BEAM, Circuit Judge.

Carl Shen is a former employee of Leo A. Daly Company's (Daly) Republic of China (Taiwan) office.  Daly refused to pay taxes assessed by the Taiwanese government.  As a result, Taiwan restricted Shen's travel, forbidding him from leaving the country.  Shen then sued Daly on multiple theories of liability for damages and injunctive relief.  Shen prevailed in part in the district court.  Both he and Daly appeal the judgment.  We affirm in part and reverse in part.

## I.    BACKGROUND

Shen is a United States citizen who retains dual Taiwanese citizenship. In 1989, Shen moved to Taiwan to become managing director of Daly's operation there.

To conduct business in Taiwan, Daly was required to designate a "responsible person," or legal representative in the country, and Shen was so designated. In November 1992, Daly decided to withdraw from Taiwan because of business set-backs. As a result, Shen was terminated but chose to remain in Taiwan. Daly, however, failed to remove Shen as its responsible person.

In December 1993, Shen received a notice from the Taiwan Tax Authority that it wanted to audit Daly's 1992 Taiwan tax returns. Shen, in turn, notified Daly's accounting firm in Taiwan and informed them he was concerned he could be held responsible for any deficiency because his "chop," the Taiwanese equivalent of a signature, was affixed to the returns. Daly responded that it was "inconceivable" any tax could be owed because Daly had suffered large losses in Taiwan. In January 1994, Shen asked Daly to indemnify him should the Taiwan Tax Authority impose the tax liability on him directly.

Following this request and until mid-October 1995, Shen, through a series of letters to Daly personnel and to Mr. Leo A. Daly III himself, implored Daly to resolve the tax dispute and remove him as the responsible person. In May 1994, the Taiwan Tax Authority assessed a tax liability of approximately $80,000 against Daly for 1991 and 1992. Daly did not appeal the assessment, and it became final in June 1995. In October 1995, the Taiwan Ministry of Finance and the Bureau of Entry and Exit informed Shen he was forbidden from leaving the country until resolution of the Daly tax issue.

Daly's attempt to extricate Shen through diplomatic channels failed. Shen then brought suit for a declaratory judgment in Taiwan to remove himself as Daly's responsible person. Although the court recognized Shen was no longer an employee of Daly, it denied relief because Daly had not replaced him as the responsible person. The Ministry of Finance also denied an appeal by Shen.

In 1997, Shen sued Daly in the United States District Court for the District of Nebraska. He requested a preliminary injunction to force Daly to pay the taxes. The district court entered such an injunction on December 31, 1997. We assume Daly then paid the taxes because Taiwan lifted the travel restriction. The district court held a bench trial in February 1999 on the issue of a permanent injunction and damages. The district court found a violation of the implied covenant of good faith and fair dealing and granted a permanent injunction. Shen was also awarded attorney's fees and $4760 in damages on his contractual claims. Shen, however, did not prevail on his claims for false imprisonment or intentional infliction of emotional distress. Both sides now appeal and we affirm in part and reverse in part.

## II.    DISCUSSION

This suit was brought under the court's diversity jurisdiction and therefore Nebraska law controls on all the issues presented in this appeal.

### A.    Res Judicata

Daly contends Shen's suit for a declaratory judgment in Taiwan should have preclusive effect in this suit and thus should bar all of Shen's claims for relief. To give the judgment of a foreign country preclusive effect, it must be recognized as a legitimate judgment. See Hilton v. Guyot, 159 U.S. 113, 163 (1895). Nebraska, however, has very little case law on this issue. After reviewing the relevant case law

-3-

from other jurisdictions, we are persuaded Nebraska would follow the principles laid out by the Supreme Court in Hilton.

A judgment should be enforced and not retried if the foreign forum: (1) provided a full and fair trial of the issues in a court of competent jurisdiction; (2) ensured the impartial administration of justice; and (3) ensured the trial was without prejudice or fraud. See id. The foreign court must also have proper jurisdiction over the parties and the judgment must not violate public policy. See id.; Weber v. Weber, 265 N.W.2d 436, 440 (Neb. 1978). The burden of proof in establishing that the foreign judgment should be recognized and given preclusive effect is on the party asserting it should be recognized. See Bridgeway Corp. v. Citibank, 45 F. Supp. 2d 276, 286 (S.D.N.Y. 1999).

Thus, Daly, the party arguing that the Taiwan judgment should be given preclusive effect, must establish each of these factors. Daly has merely asserted the Taiwanese judgment should be given effect, it has not provided the district court or this court with any authority that guides toward the recognition of foreign judgments. Additionally, Daly did not produce any evidence to support its res judicata defense. Accordingly, it did not provide enough information for us to determine if the Taiwan tribunals are impartial or if Taiwan procedures are compatible with due process. Therefore, we find Daly did not meet its burden of proof, and the Taiwanese court's judgment will not be accorded preclusive effect.

## B.    Injunctive Relief

Daly next asserts the district court erred in granting preliminary and permanent injunctive relief. We review the district court's decision to grant injunctive relief for an abuse of discretion and we will affirm unless the district court "clearly erred in its characterization of the facts, made a mistake of law, or abused its discretion in considering the equities." Brotherhood of Maintenance of Way Employees, Lodge 16

v. Burlington N. R.R. Co., 802 F.2d 1016, 1020 (8th Cir. 1986); see also United States v. Grand Lab., Inc., 174 F.3d 960, 965 (8th Cir. 1999).

The district court held that Daly breached the implied covenant of good faith and fair dealing based on the agency relationship between Daly and Shen. We agree. Under Nebraska law, whether a person is an agent is a question of fact. See McCurry v. School Dist. of Valley, 496 N.W.2d 433, 439 (Neb. 1993). The existence of an agency relationship does not depend on the terminology the parties use to characterize their relationship, but depends on the facts underlying the relationship. See Franksen v. Crossroads Joint Venture, 515 N.W.2d 794, 801 (Neb. 1994); McCurry, 496 N.W.2d at 439. An agency relationship can be implied from words, conduct or circumstances that evidence an intent to create one. See McCurry, 496 N.W.2d at 439. For example, under agency principles, an agent can be given apparent or ostensible authority to act if the "alleged principal affirmatively, intentionally, or by lack of ordinary care causes third persons to act upon the apparent authority." See Franksen, 515 N.W.2d at 801. That is what happened in this case.

After Daly terminated Shen in December 1992, Daly did not remove Shen as its responsible person. When Shen entreated Daly to remove him as its responsible person in January 1994, Daly still did not act. In June 1994, Daly tried to have one of the employees of its accounting firm in Taiwan replace Shen and informed Shen that the employee had become Daly's new responsible person. The employee, however, decided not to take the appointment, and Daly failed to inform Shen of this fact for seven months. By the time Shen learned there was no replacement for him, the threat of a travel restriction was looming, and Daly was unable to find anyone willing to take the appointment. The result of Daly's initial inaction and subsequent inability to replace Shen as responsible person was that Shen remained Daly's agent regarding actions taken by Taiwan. Therefore, we find no error in the district court's factual finding of an agency relationship.

-5-

A principal and an agent are in a fiduciary relationship.  See Andrews v. Schram, 562 N.W.2d 50, 54 (Neb. 1997).  Because of the fiduciary relationship, the principal owes the agent a duty of good faith and fair dealing in the incidents of their relationship.  See Lawrence Warehouse Co. v. Twohig, 224 F.2d 493, 497 (8th Cir. 1955).  Moreover, "'[c]orrelative with the duties of the agent to serve loyally and obediently are the principal's duties of compensation, indemnity, and protection.'"  See Western Smelting & Ref. Co. v. First Nat'l Bank of Omaha, 35 N.W.2d 116, 121 (Neb. 1948) (quoting Restatement of Agency Intro. note, vol. 2, p. 999).  Daly breached its duty as a fiduciary in the following ways: (1)  Daly did not pay the tax when it was assessed; (2) it chose not to appeal the assessment through proper channels; and (3) Daly did not find a replacement for Shen as responsible person.

We recognize Daly believes the taxes were unfairly assessed and amounted to little more than extortion.  However, its dispute with Taiwan over the "'principle of the thing' took place over the body of its innocent former employee and agent" and, thus, the district court did not abuse its discretion in granting the injunction based on Daly's breach of fiduciary duty.  Shen v. Leo A. Daly Co., No. 8:97CV441, Slip Op.  at 14 (D. Neb. May 28, 1999).

### C.    False Imprisonment

Shen contends the district court erred when it granted Daly's motion for judgment as a matter of law on the false imprisonment claim.  We review the decision to grant judgment as a matter of law de novo, viewing the evidence in the light most favorable to Shen.  See DiCarlo v. Keller Ladders, Inc., 211 F.3d 465, 467 (8th Cir. 2000).  False imprisonment is "the unlawful restraint against his will of an individual's personal liberty."  See Herbrick v. Samardick & Co., 101 N.W.2d 488, 491 (Neb. 1960).  Shen's liberty was restrained in this case—he was not allowed to leave Taiwan.  And, as Shen correctly points out, the term false imprisonment is broader than just confinement within a jail or prison.  Shen's confinement, however, was to a whole country.  He was

-6-

free to move about Taiwan, and was not restrained in any way in his daily activities. Although it is difficult to define exactly how close the level of restraint must be, in this case the country of Taiwan is clearly too great an area within which to be falsely imprisoned.  Therefore, the district court correctly granted judgment as a matter of law.

### D.     Intentional Infliction of Emotional Distress

Shen also asserts the district court improperly dismissed his claim for intentional infliction of emotional distress. We review legal conclusions de novo, and factual findings  for clear error.  See Simmons v. Cook, 154 F.3d 805, 807 (8th Cir. 1998). To establish a claim for intentional infliction of emotional distress, Shen must prove:

> (1) that there has been intentional or reckless conduct, (2) that the conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and is to be regarded as atrocious and utterly intolerable in a civilized community, and (3) that the conduct caused emotional distress so severe that no reasonable person should be expected to endure it.

Iwanski v. Gomes, 611 N.W.2d 607, 611 (Neb. 2000).

The harms Shen suffered because of Daly's refusal to pay the tax included "missed family occasions, estrangement from his wife, lost business opportunities, shame, depression, insomnia, anxiety, and a variety of health problems for which, he testified, he sought medical attention."  Shen, Slip-op. at 15.  Although Shen undoubtedly did suffer stress and anxiety in this situation, his suffering does not rise to the level required by Nebraska law. Additionally, Daly's conduct, though unquestionably unfair, did not exceed "all possible bounds of decency." Therefore, we find no error in the district court's dismissal of this claim.

**E.      Set-off**

Daly contends it is entitled to set-off $6700 that Shen owes it against the $4670 Shen recovered on contract claims.  The district court denied the set-off because it had not been pled and it was not included in the pre-trial order.  We review the district court's decision for an abuse of discretion.  See Corsica Livestock Sales, Inc. v. Sumitomo Bank, 726 F.2d 374, 377 (8th Cir. 1983).

The pleading rules in the federal courts are very liberal and Federal Rule of Civil Procedure 15 contemplates that courts should allow pleadings to be amended if it is necessary to further justice and will not prejudice the parties.  See id. Furthermore, Rule 15(b) provides that "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."  Consent may be implied if evidence to support the claim was introduced at trial without objection.  See St. Joe Minerals Corp. v. Occupational Safety and Health Review Comm'n, 647 F.2d 840, 844 (8th Cir. 1981).

Although Shen did not expressly consent to try the set-off issue, the issue was tried by implied consent in this case.  On cross-examination, Shen, without objection, testified he received the refund from withholding taxes from the Taiwanese government.  He testified that it was Daly's money and amounted to $6700. Additionally, Shen acknowledged he owes Daly the money.  The fact that the money is owed is not disputed.  Therefore, we find the court abused its discretion and Daly is entitled to the set-off.

**F.      Attorney's Fees**

Daly asserts the district court erred in awarding Shen attorney's fees for the action in Taiwan and for this action.  Under Nebraska law, attorney's fees are only

-8-

proper if they are permitted by statute or by uniform practice. See Quinn v. Godfather's Inv., Inc., 348 N.W.2d 893, 894 (Neb. 1984). Furthermore, "[a]s a general rule of practice in [Nebraska], attorneys' fees are allowed to the successful party in litigation only where such allowance is provided by statute." Id. at 895. There is no Nebraska statue authorizing attorney's fees for a breach of fiduciary duty. Therefore, the district erred in awarding attorney's fees for this action.

However, the bar on attorney's fees only applies in the very case being litigated. See Zimmerman v. Firstier Bank, N.A., 585 N.W.2d 445, 454 (Neb. 1998). It would not apply to the award of attorney's fees for the action in Taiwan because that award, in essence, is compensatory. Nebraska courts have held that attorney's fees are recoverable as compensatory damages when a person, damaged by a tort, was required to bring a suit against a third person to protect his interests. See Tetherow v. Wolfe, 392 N.W.2d 374, 379 (Neb. 1986). A person who commits a breach of fiduciary duty is guilty of tortious conduct. See Restatement (Second) of Torts § 874 cmt. b (1979). Daly's breach of the covenant of good faith and fair dealing is a breach of fiduciary duty. And, although Shen sued Daly in the action in Taiwan, he was required to bring his suit to protect his interest and have the travel restriction lifted. Therefore, the attorney's fees awarded for the suit in Taiwan were proper as an element of damages for breach of fiduciary duty.

### G. Damages

Shen contends the district court should have awarded him compensatory damages for the breach of the covenant of good faith and fair dealing. We review the district court's damage award for an abuse of discretion. See Johnson v. Cowell Steel Structures, Inc., 991 F.2d 474, 476 (8th Cir. 1993). Under Nebraska law, "[t]he amount of damages to be awarded is a determination solely for the fact finder, and its action in this respect will not be disturbed on appeal if it is supported by evidence and bears a reasonable relationship to the elements of the damages proved." Seeber v.

Howlette, 586 N.W.2d 445, 449 (Neb. 1998). We find the record supports the district court's award of attorney's fees for the action in Taiwan as damages for the breach of the covenant of good faith. Thus, we find no abuse of discretion by the district court.

## III.  CONCLUSION

Accordingly, we affirm the judgment of the district court with respect to injunctive relief and damages. We reverse the judgment of the district court on the issue of set-off and reverse in part on the issue of attorney's fees. This action is remanded to the District Court for an entry of judgment in accordance with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.