# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 01-1059

———————

| | |
|---|---|
| Kevin W. Gee, Jr., | * |
| | * |
| Appellant, | * |
| | * |
| | *   Appeal from the United States |
| v. | *   District Court for the |
| | *   Eastern District of Arkansas. |
| United Parcel Service, Inc., | * |
| | *       [UNPUBLISHED] |
| Appellee. | * |

———————

Submitted: September 19, 2001
Filed: September 25, 2001

———————

Before WOLLMAN, Chief Judge, BOWMAN, and LOKEN, Circuit Judges.

———————

PER CURIAM.

Kevin Gee appeals the District Court's[1] order granting United Parcel Service, Inc. (UPS) summary judgment in Gee's race discrimination, harassment, and retaliation suit brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-2000e-17 (1994 & Supp. IV 1998), 42 U.S.C. § 1981 (1994), and the Fourteenth Amendment. Having reviewed the record de novo, we conclude that Gee failed to raise a genuine issue of material fact in his harassment claim with respect to the existence of a causal

———————

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

relationship between the alleged harassment and his race, cf. Schoffstall v. Henderson, 223 F.3d 818, 826 (8th Cir. 2000) (affirming summary judgment on sexual harassment claim because no evidence indicated that defendant's behavior was motivated by sex); on his discriminatory discharge claim with respect to UPS having treated similarly situated white co-workers more favorably, see Clearwater v. Indep. Sch. Dist. No. 166, 231 F.3d 1122, 1127 (8th Cir. 2000) (affirming summary judgment because plaintiff presented only "unsubstantiated allegations" of unequal treatment); and on his retaliation claim with respect to the existence of a causal connection between his filing of EEOC charges and his post-charge discharges, see Bradley v. Widnall, 232 F.3d 626, 632-33 (8th Cir. 2000) (affirming summary judgment because plaintiff only presented evidence of a temporal connection and conclusory allegations to support her retaliation claim).

Accordingly, we affirm. We also deny UPS's motion to dismiss on the basis of untimeliness and request to dismiss for failure to comply with the Federal Rules of Appellate Procedure. See Fed. R. App. P. 4(a)(5)(A) (district court may grant extension of time to file notice of appeal if party so moves within 30 days after expiration of time for filing timely notice, and shows excusable neglect or good cause); cf. DiCarlo v. Keller Ladders, Inc., 211 F.3d 465, 468 (8th Cir. 2000) (refusing to dismiss appeal for failure to comply with rules).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.