**FIRST BANK, Plaintiff,**

v.

**FIRST BANK SYSTEM, INC., and First Bank, fsb (formerly Metropolitan Federal Bank, fsb), Defendants.**

No. 4–95–CV–80021.

United States District Court,
S.D. Iowa,
Central Division.

April 19, 1995.

Donald H. Zarley, Zarley McKee Thomte Voorhees & Sease, Des Moines, IA, for First Bank West.

Mark McCormick, Belin Harris Lamson McCormick, Des Moines, IA, Peter M. Lancaster, Stephen R. Baird, Dorsey & Whitney, Minneapolis, MN, Peter M. Lancaster, Dorsey & Whitney PLLP, Minneapolis, MN, for Metropolitan Federal Bank.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND DENIAL OF PLAINTIFF'S REQUEST FOR A PERMANENT INJUNCTION

WOLLE, Chief Judge.

On March 20–22, 1995, the court held a bench trial in this bifurcated trademark case on the plaintiff's request for a permanent injunction against defendants' use of the term "First Bank." Plaintiff seeks to enjoin defendants from using the terms "First Bank," or "First Bank Iowa," or any colorable imitations of those names, in conjunction with banking services performed at branch bank offices in three Iowa counties—Polk County, Dallas County, and Warren County. On April 7, 1995, after the court had received proposed decisions and briefs, counsel presented oral argument for approximately two hours. The parties' positions have been presented very well by counsel.

The court concludes that plaintiff has not proved a factual basis for essential elements of its claim for injunctive relief. The plaintiff's request for a permanent injunction is denied.

### I. RULINGS ON EVIDENCE AND POST–TRIAL REQUEST.

The court has considered and overrules all objections the parties made to exhibits and testimony offered during the trial, except as the court may have sustained a few objections to questions posed by counsel during the trial. The court grants plaintiff's motion filed March 30 to allow in evidence an additional confusion report.

Evidence considered by the court includes all evidence presented during hearings on plaintiff's requests for a temporary restraining order and a preliminary injunction, as well as all evidence presented during the bench trial.

### II. FACTS.

#### A. Stipulated Facts.

The parties have stipulated the following facts, accepted as true by the court:

1. The court has subject matter jurisdiction under 28 United States Code section 1331, 28 United States Code section 1338(a), and 28 United States Code section 1367(a). Venue is proper under 28 United States Code section 1391.

2. Plaintiff, First Bank, is an Iowa Chartered Bank with a principal place of business at 1630—22nd Street, West Des Moines, Iowa, and an additional office located at 301—5th Street, West Des Moines, Iowa.

3. Defendant, First Bank System, Inc. ("FBS"), is a Federally Chartered Bank Holding Company with a principal place of business at 601 Second Avenue South, Minneapolis, Minnesota.

4. Defendant, First Bank, fsb, is the former Metropolitan Federal Bank, fsb. First Bank System, Inc., acquired Metropolitan Federal Bank, fsb in late 1994, and on February 18, 1995, Metropolitan Federal Bank, fsb, changed its legal name to First Bank, fsb. First Bank, fsb, operates the following branches within the Iowa counties of Polk and Warren:

2718 Beaver Avenue, Des Moines, Iowa 50310

1901 EP True Parkway, West Des Moines, Iowa 50265

3529 Ingersoll Avenue, Des Moines, Iowa 50312

700 Locust Mall, Des Moines, Iowa 50309

518 E. Locust Street, Des Moines, Iowa 50309

4500 Merle Hay Road, Urbandale, Iowa 50322

1820 22nd Street, West Des Moines, Iowa 50266

411 N. Ankeny Boulevard, Ankeny, Iowa 50021

111 8th Street S.E., Altoona, Iowa 50021

120 S. 1st Street, Carlisle, Iowa 50047

6150 S.E. 14th Street, Des Moines, Iowa 50320

5. Plaintiff's legal name was "First National Bank of West Des Moines" from 1938 until December 1993, when it changed its legal name to "First Bank."

6. Defendant First Bank System, Inc., registered its service mark "First Bank System" and design with the United States Patent and Trademark Office on June 15, 1971, as amended on August 15, 1972.

B. Findings of Fact.

The court makes the following additional findings of fact based upon the burden on plaintiff to prove its claims by a preponderance of the evidence and the burden upon the defendants to establish their defenses by a preponderance of the evidence.

7. Plaintiff has never owned a trademark registration and relies on the common law of trademarks for its claim of right to exclusive use of the term "First Bank" and logos it has used since 1970 (a prominent Arabic numeral "1" with the words "FIRST" and "BANK").

8. FSB owns banks in ten states and has owned or still owns the following trademark registrations:

a. Iowa registration on First Bank Systems issued in 1968 and expired in 1978.

b. Iowa registration on FIRST BANK and design issued in 1968 and expired in 1978.

c. Federal Registration No. 1,573,803 for FIRST BANK SYSTEM and design issued in 1971 and expired in 1991.

d. Federal Registration No. 1,573,803 for First Bank System issued December 26, 1989, asserting first use on August 26, 1968.

e. Federal Registration No. 1,840,862 for "FIRST BANKS" and design issued June 21, 1994, asserting first use on October 4, 1991.

f. Iowa Service Mark application for FIRST BANK filed November 14, 1986, claiming use in Iowa in October of 1979.

9. Although plaintiff has used the term "First" in its bank name since 1901, it did not decide until late 1969 or early 1970 to move toward emphasis on "First" and "Bank" rather than "First National Bank." In 1970, to compete more effectively with a West Des Moines bank called "West Bank," plaintiff attempted to lift the name "First Bank" out of "First National Bank of West Des Moines."

10. In 1970, based on an advertising campaign recommended by Jim Bowermaster, plaintiff began using the logo with a "1", the

words "FIRST" and "BANK" in prominent letters, with the word "NATIONAL" between them and in smaller letters. That mark was used from 1970 until 1986 when it was modernized to remove the word "NATIONAL" from between "FIRST" and "BANK", and to have the words "FIRST BANK" below the number 1 and above a small-letter "First Bank of West Des Moines." That 1986 logo was intended to emphasize even more the name "First Bank."

11. Plaintiff has not established that its employees and customers in the 1970s regularly referred to it as "First Bank." None of the many documents in evidence supports the testimony plaintiff proffered that bank employees referred to the bank as "First Bank" in answering the phone, or that its customers regularly referred to it as "First Bank." The court finds more persuasive the documents proving that as late as 1981 through 1985 the plaintiff in its own advertisements referred to itself as "First National" rather than "First Bank."

12. Plaintiff's attempts to position itself as "First Bank" rather than "First National" had failed by 1985. Plaintiff was still known primarily as, and referred to regularly as, "First National."

13. In late 1985, plaintiff's advertising agent Thomas Porter recommended that the officers and board of plaintiff engage in the strategy of changing the bank name to "First Bank." Porter was aware of ongoing efforts by FBS to acquire a chain of banks in Iowa and recommended the name change primarily "to pre-empt the FBS from using that name in Iowa."

14. Plaintiff's board member John D. Hintze, together with his associate G. Brian Pingel, another Des Moines lawyer, researched the issue and then reported to plaintiff's board and management in a letter dated October 4, 1985. They wrote that plaintiff should begin using the name "First Bank" as soon as possible, but they also warned that the client should be aware there was a potentially conflicting registration for "First Bank of Iowa" and registration of "First Bank System" by FBS. Pingel warned that the plaintiff might have to decide to cease use of the name "First Bank" because that use might overlap the federal registrants who would attempt to enforce their rights against "First National." Pingel referred to plaintiff as "First National" rather than "First Bank" in his letter.

15. Porter truthfully testified that plaintiff's new logo and use of the words "First Bank" were plaintiff's strategy to change its identifier to "First Bank" in anticipation of the FBS potential acquisition of another Iowa bank, Banks of Iowa.

16. Since 1971 plaintiff has had constructive notice of the first registrations of defendants' marks, and since 1985 plaintiff has had actual knowledge of the danger that defendants would assert their right to trademark protection of the name "First Bank."

17. Even when the plaintiff changed its legal name to "First Bank" on December 22, 1993, it did not register or protect its use of the name "First Bank."

18. Since June 15, 1971, defendant FBS has owned and used its registered service mark "First Bank System." FBS has used its mark and variants continuously in many states. In the three counties where plaintiff does business (Polk County, Dallas County, and Warren County, Iowa), FBS has made home improvement loans and engaged in correspondent banking, commercial lending, marketing of credit cards, and other business by personal contacts, by mail, and by advertising.

19. Since 1971 FBS and its affiliates have used the name "First Bank" and its variants in providing special services and lines of credit to Iowa banks and their customers. FBS has long-term correspondent banking relationships with several banks in Polk County and Warren County, and it has several substantial commercial lending customers there. Since 1983, FBS has included in its commercial customer base several major Des Moines accounts, including Principal Mutual and Diversified Insurers, as well as smaller commercial customers.

20. When FBS first obtained the Metropolitan Federal Bank branches in Polk, Dallas, and Warren counties, news announcements caused some confusion among Metro-

politan customers concerning whether plaintiff was affiliated with the Metropolitan branches and whether they could do business at plaintiff's facilities. Neither the plaintiff nor defendants have undertaken major efforts to alleviate or eliminate that confusion. The court's preliminary injunction against allowing defendants to use the name "First Bank Iowa" has precluded defendants from aggressively advertising in a manner that might minimize confusion.

21. Plaintiff's customers seem not to be confused about the defendants' entry into branch banking in Iowa. The confusion reports presented by plaintiff seem to affect only defendants' customers, but the court finds the confusion is not likely to increase but rather will subside.

22. There appears to be little confusion in the three Iowa counties with use of the word "First" in connection with several bank names. There are branches called "First Interstate", "Firstar", "First Federal", and "First Bank."

### III. CONCLUSIONS OF LAW.

1. The court has jurisdiction of the parties and the subject matter of this trademark infringement action.

2. The only issues the court addresses in this first phase of the bifurcated action concern the plaintiff's request for permanent injunctive relief.

■ 3. The court granted a preliminary injunction in its order of February 1, 1995, but the facts and legal conclusions in that order do not establish the law of the case. The record was not then as complete, and different legal principles were there applied. With entry of this decision, the preliminary injunction is immediately dissolved.

■ 4. To prove its claim for permanent injunctive relief, the plaintiff was required to prove by a preponderance of the evidence the following elements:

(1) ownership of a common-law mark and its use in the three Iowa counties in question prior to defendants' use or registration of that name;

(2) continuous use of that name since before defendants' registered the mark;

(3) achievement of secondary meaning before the date on which defendants commenced using the same or similar mark;

(4) confusion created by defendants' use of the name;

(5) a basis in equity for injunctive relief.

■ 5. Plaintiff failed to establish that it had used the name "First Bank", rather than the name "First National Bank," as early as 1971 when FSB registered its trademark "FIRST BANK SYSTEM." The logo still included the name National in a prominent place, though not in printed letters as large as those used for "First" and "Bank." Bank employees and customers continued to refer to it as First National until at least 1985, rather than regularly referring to it as "First Bank."

6. The words "First Bank" did not have a secondary meaning referring to the plaintiff bank until after 1986, well after those words had a secondary meaning in Iowa referring to the defendant FBS in connection with the banking services it provided by mail and from offices outside Iowa.

7. Plaintiff has established the element of confusion, both by inference of potential confusion and by some evidence of actual confusion involving customers of the Metropolitan branch banks. But the confusion between its use of "First Bank" and defendants' use of "First Bank Iowa" has not yet been tested in the market to see if it will be a substantial confusion. The confusion is reasonably manageable. "First Bank" can readily be distinguished from "First Bank Iowa." Moreover, the parties will be able to reduce the confusion with advertising and with communications with customers and prospective customers, even if plaintiff continues to use the name "First Bank" and defendants use the name "First Bank Iowa."

■ 8. Defendant has established that equitable considerations should preclude plaintiff from using the name "First Bank" and its variants exclusively in the three counties in question. Plaintiff's board of directors and management deliberately attempted to adopt the name "First Bank"

knowing FBS was attempting to enter its market area and would likely use its registered name or a variant of the name "First Bank Systems." Adoption of a mark or name already in use by another person is not in good faith if the name is adopted for the purpose of forestalling the expansion of the mark and name by the prior user. *See United Drug Co. v. Theodore Rectanus Co.,* 248 U.S. 90, 101, 39 S.Ct. 48, 52, 63 L.Ed. 141 (1918); Restatement (Third) of the Law of Unfair Competition, Comment d §§ 19, at 198 (1995).

9. On balance, the equities favoring denial of a permanent injunction far outweigh equities in plaintiff's favor. Granted, FBS spent little time deciding to use the name "First Bank Iowa" after receiving a letter from plaintiff's attorney informing it about plaintiff's common-law mark. Defendants should have responded more swiftly to the plaintiff to enable this litigation to reach judgment before defendants wished to begin using the name "First Bank Iowa." Nevertheless, this court's preliminary injunction has adequately penalized defendants for their delay in responding to plaintiff and provided plaintiff breathing room and adequate opportunity to present its injunction action.

## IV. DECREE.

Plaintiff's request for permanent injunctive relief is denied.

By not later than April 25, 1995, the parties shall file a joint report or separate reports with the court stating what issues remain for trial in a second phase of this bifurcated action.

## V. CERTIFICATION FOR INTERLOCUTORY APPEAL.

The court believes this order involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b).

IT IS SO ORDERED.