# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 97-2278

_____

| | |
|---|---|
| First National Bank, in Sioux Falls, a national banking corporation, | * <br> * <br> * |
| Plaintiff - Appellant, | *   Appeal from the United States <br> *   District Court for the |
| v. | *   District of South Dakota. <br> * |
| First National Bank, South Dakota, | * <br> * |
| Defendant - Appellee. | * |

_____

Submitted: February 11, 1998
Filed: August 20, 1998

_____

Before FAGG, JOHN R. GIBSON and MURPHY, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

The First National Bank in Sioux Falls appeals from one portion of the district court's order which granted relief against First National Bank, South Dakota under the Lanham Act and common law of service mark enjoining FNB South Dakota from using only the marks "First National" or "First National Bank" within a ten-mile radius of FNB Sioux Falls Bank, but denying plaintiff's request for an injunction against FNB South Dakota using its full legal name within the ten-mile radius. FNB Sioux Falls

argues that the district court[1] abused its discretion in denying the permanent injunction, and contends that in using its full name, First National Bank South Dakota would infringe on FNB Sioux Falls' right to use its common law service marks "First National" and "First National Bank" within the ten-mile radius. We affirm the judgment of the district court.

FNB Sioux Falls had operated in Sioux Falls, South Dakota since 1885. It received its first charter as the Minnehaha National Bank of Sioux Falls but changed its name to "The First National Bank and Trust Co." in 1929 and then to "The First National Bank in Sioux Falls" in 1952. It has used the names "First National Bank in Sioux Falls," "First National Bank" and "First National" continuously since 1952, except for a period between 1976 to 1985 when it used the name "First Sioux Falls." Since 1929, no other Sioux Falls banks have used the names "First National" or "First National Bank." For many years, FNB Sioux Falls has used the name "First National Bank" on the outside of its building, on checks and calendars, and in its advertising. It has adopted a service mark that includes a logo with stylized flying F's followed by the words "First National Bank, First in Service For over 100 Years," with the phrase "For over 100 years" in script. A copy of FNB Sioux Falls' logo is attached as Appendix A.

The FNB South Dakota is located in Yankton, South Dakota, approximately 90 miles southwest of Sioux Falls. It was chartered in 1963 and operated until 1994 under the name "Valley State Bank." It is currently owned by First National of Nebraska, Inc. In 1990 or 1991, Valley State Bank officials began discussing the possibility of establishing a branch office in Sioux Falls, and a feasibility study was completed in November 1993. Valley State Bank acquired an option to purchase 1.25 acres of land in Sioux Falls approximately one mile from FNB Sioux Falls' branch bank.

---

[1]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

Valley State Bank applied to the Office of the Comptroller of Currency in April of 1994, for conversion to a national bank with the title "First National Bank South Dakota." It then exercised its land option and purchased the Sioux Falls property on June 16, 1994. The South Dakota Department of Commerce and Regulation Division of Banking approved the real estate purchase, and the Office of the Comptroller authorized FNB South Dakota to commence business as a national bank under its new name on July 19, 1994. On October 19, 1995, FNB South Dakota applied to the Office of the Comptroller to open a branch bank in Sioux Falls to be known as the "First National Bank South Dakota, Sioux Falls branch." FNB South Dakota's logo consists of a numeral "1" inside a nearly-closed circle above the words "first national bank south dakota", which are written in lower case letters. A copy of FNB South Dakota's logo is attached as Appendix B.

FNB Sioux Falls' officers made telephone calls to officers of the FNB South Dakota, followed by correspondence, with the request that FNB South Dakota refrain from using "First National Bank" or "First National" outside of Yankton. The parties were unable to reach an agreement, and this litigation followed.

After a bench trial, the district court held that FNB Sioux Falls, which had applied for federal service mark registration in January, 1995, did not possess a federal registration for the names "First National," "First National Bank," or "The First National Bank in Sioux Falls." The court, however, found that FNB Sioux Falls had used the names for a number of years, and that the names were descriptive rather than generic terms. The court further found that the marks had attained secondary meaning to consumers in the Sioux Falls market area and were associated in consumers' minds with FNB Sioux Falls. Accordingly, the district court concluded that FNB Sioux Falls holds common law service marks in "First National," "First National Bank," and "First National Bank Sioux Falls" within a ten-mile radius of FNB Sioux Falls. The court also found that FNB South Dakota's use of the marks "First National", "First National Bank", and "First National Bank in Sioux Falls", within a ten-mile radius of FNB Sioux

Falls would create a likelihood of confusion, deception or mistake among an appreciable number of ordinary buyers as to the source or association between the two banks. The court therefore concluded that FNB Sioux Falls had established an infringement of its common law service mark and Lanham Act rights, and entered a permanent injunction enjoining FNB South Dakota from using the marks "First National," "First National Bank," and "First National Bank in Sioux Falls," within a ten-mile radius of FNB Sioux Falls' main office.

However, the district court went on to conclude that FNB Sioux Falls had not shown by a preponderance of the evidence that FNB South Dakota's use of its full legal name, "First National Bank South Dakota" within the ten-mile radius would create a likelihood of confusion, deception or mistake among an appreciable number of ordinary consumers as to the source of or association between the two banks, particularly if the full name were used in conjunction with its "circle-1" logo. It concluded that, as to the FNB South Dakota's full name, FNB Sioux Falls had not established an infringement of its common law service mark and Lanham Act rights, or that FNB South Dakota is poised to engage in unfair competition.

This latter ruling is the only issue before us. FNB Sioux Falls argues that the district court abused its discretion in declining to permanently enjoin FNB South Dakota's use of its full name. FNB Sioux Falls contends that the court's holding that use of FNB South Dakota's full name would not infringe FNB's Sioux Falls common law marks is not supported by the record and is contrary to the court's findings. FNB South Dakota responds that the district court did not clearly err in its decision.

FNB Sioux Falls agrees with "substantially all of the district court's findings of fact," and challenges only the district court's ultimate determination that FNB South Dakota's full name would not create a likelihood of confusion. Although the district court stated this determination under the heading "Conclusions of Law," we have previously held that likelihood of confusion is a factual question which we review only

for clear error. See Conagra, Inc. v. George A. Hormel & Co., 990 F.2d 368, 371 (8th Cir. 1993). In Conagra, we rejected an argument that the district court's evaluation of each factor is subject to the clearly erroneous standard of review but that the ultimate determination of the likelihood of confusion is a question of law to be reviewed de novo. Id. at 370 ( reviewing the development of authority in this circuit and contrasting it with other circuits applying the de novo standard).[2] We likewise reject FNB Sioux Falls' argument that the district court's ultimate finding is inextricably bound up in its view of the law, and as such is a mixed question of fact and law subject to de novo review.

To successfully establish service mark infringement, FNB Sioux Falls bears the burden of proving that FNB South Dakota's use of its full legal name would create a likelihood of confusion, deception, or mistake among an appreciable number of ordinary consumers as to the source of or association between the banks' services. See Duluth News-Tribune v. Mesabi Pub. Co., 84 F.3d 1093, 1096 (8th Cir. 1996). In determining whether a likelihood of confusion exists, the district court should consider the following factors: the strength of the plaintiff's service or trademark; the competitive proximity of the parties' marks; the alleged infringer's intent to confuse; the degree of care reasonably expected of potential customers; the similarity between the parties' marks; and evidence of actual confusion. See id. (citing Anheuser-Busch, Inc. v. Balducci Publications, 28 F.3d 769, 774 (8th Cir. 1994)). These factors, however, do not operate in a mathematically precise formula. See id. Instead, the relative weight of the factors depends on the facts of the individual case.

---

[2]This case bears no similarity to Anheuser Busch, Inc. v. Balducci Publications, Inc., 28 F.3d 769, 773 (8th Cir. 1994), where we held that the district court failed to first consider the likelihood-of-confusion issue, conflating it with first amendment issues. Because we could not separate the issues, we conducted a de novo review.

In this case, the district court held that FNB Sioux Falls' marks are strong, and no one disputes that the banks would be in close proximity to one another. The court found no direct evidence that FNB South Dakota intended to confuse customers as to the origin of its services but found circumstantial evidence that FNB South Dakota at least intended to target FNB Sioux Falls' customers with an advertisement which featured the word "commitment," a word used in FNB Sioux Falls' familiar slogan. The court found that consumers generally exercise greater care in selecting financial services than in choosing other products, but the court credited expert testimony that consumers exposed to very similar advertisements may nonetheless become confused as to the source of those advertisements.

The court also found that the banks' full legal names are very similar because both contain the phrase "First National Bank." The district court, however, stated that the graphic use of the banks' full legal names with their respective logos reduces the similarity between the marks. Finally, the district court accepted testimony that an advertisement by FNB South Dakota in the local newspaper had caused actual confusion among consumers.

The district court made these findings in the context of explaining its decision to enjoin FNB South Dakota's use of the shortened names "First National" and "First National Bank." The district court did not clearly err in its findings of fact either concerning the various factors or its ultimate finding that FNB South Dakota's use of the short names would create a likelihood of confusion. This, however, is not the issue before us. The above findings do not compel a determination that FNB South Dakota's use of its full legal name would also create a likelihood of confusion.

FNB Sioux Falls assumes a difficult burden when it explicitly agrees with substantially all of the district court's finding of fact except the ultimate finding of likelihood of confusion with respect to FNB South Dakota's use of its full name. FNB Sioux Falls's argument essentially is that the findings on the several specific factors

enumerated in <u>Anheuser-Busch</u> and <u>Duluth News-Tribune</u> render its ultimate finding of no likelihood of confusion inconsistent and clearly erroneous. FNB Sioux Falls' argument fails to come to grips with the full import of the district court's findings. The court carefully differentiated between FNB Sioux Falls's service marks of "First National," "First National Bank" and "The First National Bank in Sioux Falls", and the full legal name of "First National Bank South Dakota." The court stated "the graphic use of these full legal name marks with their respective logos reduces the similarity between the marks." Further, the district court stated, in making the finding that FNB Sioux Falls now attacks, that plaintiff had not shown by a preponderance of the evidence that the use of the full legal name First National Bank South Dakota would create a likelihood of confusion, "particularly if defendant uses its full legal name in conjunction with its 'circle-1' logo in graphic presentation." The district court here distinguished the full legal names and logos, which are not confusing, from the use by the two banks of the identical names "First National" and "First National Bank," which would be confusing.

Thus, rather than establishing an inconsistency such as FNB Sioux Falls argues, the findings are based upon a precise differentiation. Indeed, the extent of the district court's finding is that FNB Sioux Falls had shown, by a preponderance of the evidence, that FNB South Dakota's use of the marks "First National" and "First National Bank" would create a likelihood of confusion. In a case such as this, it is entirely appropriate, indeed essential, that the district court, in making fact findings, look closely at the specific issues involved. That is the approach taken in the district court's findings of fact. With these careful distinctions drawn, we cannot conclude that FNB Sioux Falls has demonstrated the finding that it had not shown that the use of the full legal name, "First National Bank South Dakota," created a likelihood of confusion with FNB Sioux Falls to be clearly erroneous.

FNB Sioux Falls also asserts that the finding with respect to FNB South Dakota using its full legal name is clearly erroneous because it is contrary to the weight of the

evidence, although it does not develop this argument in detail. We entertain some question as to whether an appellate court may weigh evidence, but in any event, the Supreme Court in <u>Anderson v. Bessemer City</u>, 470 U.S. 564, 573-74 (1985), made explicit that "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently."

The district court held, and FNB Sioux Falls does not dispute, that consumers tend to exercise a relatively high degree of care in selecting banking services. As a result, customers are more likely to notice what, in other contexts, may be relatively minor differences in names. We recognize that other courts have determined there to be minimal or no likelihood of confusion even where the names of financial institutions share the same dominant terms. <u>See</u> <u>First Savings Bank, F.S.B. v. First Bank System, Inc.</u>, 101 F.3d 645, 653 (10th Cir. 1996) (no likelihood of confusion between "FirstBank" and "First Bank System" service marks where bank logos were visually distinct); <u>Sun Banks of Fla., Inc. v. Sun Fed. Sav. & Loan</u>, 651 F.2d 311, 319 (5th Cir. 1981) (no likelihood of confusion between "Sun Federal Savings" and "SunBanks" service marks); <u>First Bank v. First Bank System, Inc.</u>, 909 F.Supp. 657, 661 (S.D.Iowa 1995) (confusion between names "First Bank" and "First Bank Iowa" is reasonably manageable such that equities weigh against permanent injunction)<u>, aff'd.</u> 84 F.3d 1040 (8th Cir. 1996).

FNB Sioux Falls, however, argues that the district court's finding of a likelihood of confusion should have extended to FNB South Dakota's full name because the court found that there was actual confusion resulting from newspaper advertisements in which FNB South Dakota used its full name. Isolated evidence of some actual confusion occurring initially upon the creation of a potentially confusing mark is not itself sufficient to establish a likelihood of confusion. <u>See</u> <u>Duluth News-Tribune</u>, 84 F.3d at 1098.

The "likelihood of confusion" test is a fact-intensive inquiry upon which reasonable minds may often disagree. Even if we assume that a different factfinder may have reasonably determined that FNB South Dakota's use of its full name would create a likelihood of confusion, and we do not intimate that we would do so, the Supreme Court stated in <u>Andersen v. City of Bessemer City</u>, 470 U.S. 564, 574 (1985), "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." This is so even when the district court's findings do not rest on credibility determinations but are based on physical and documentary evidence or inferences from other facts. Having reviewed the record, we are not left with "the definite conviction that the [district] court made a mistake," <u>First Bank v. First Bank System, Inc.</u>, 84 F.3d 1040, 1046 (8th Cir. 1996), and we therefore conclude that the district court did not clearly err.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT



**First**NationalBank

First in Service

The First National Bank in Sioux Falls          Member FDIC

APPENDIX   A



first national bank
south dakota
MEMBER FDIC

APPENDIX B