# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3689

_____

Professional Service Industries, Inc.,    *
                                  *

             Appellee,      *   Appeal from the United States
                                    *   District Court for the Western
     v.                              *   District of Missouri.
                                    *

PSI Inspection, Inc.,                 *        [UNPUBLISHED]
                                    *

           Appellant.      *

_____

Submitted:   September 10, 2001

Filed:   September 20, 2001

_____

Before LOKEN and FAGG, Circuit Judges, and BOGUE,[*] District Judge.

_____

PER CURIAM.

     In August 2000, Professional Service Industries, Inc. (PSI), a nationally known geotechnical, testing, inspection, and engineering consulting firm, learned a local Kansas City competitor was using the name PSI Inspection, Inc. (PSI Inspection). PSI learned of PSI Inspection through four clients who reported having contacted PSI Inspection, mistakenly thinking each had contacted PSI. PSI sought and received a preliminary injunction, prohibiting PSI Inspection from infringing on its protected

_____

[*]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

service mark under either Missouri common law or the Lanham Act. After a three-day trial, the district court[**] granted a permanent injunction, ordering PSI Inspection to change its name. See First Nat'l Bank, Sioux Falls v. First Nat'l Bank, S.D., 153 F.3d 885, 888 (8th Cir. 1998) (explaining successful service mark infringement action requires likely marketplace confusion). The district court found PSI Inspection abandoned its mark during a five-year suspension of its testing license by the Nuclear Regulatory Commission (NRC), thus PSI was the senior user of the mark in the Kansas City area. PSI Inspection appeals, claiming the district court adopted mistaken facts and erroneously granted a permanent injunction. Having reviewed the grant of permanent injunction for abuse of discretion and findings of fact for clear error, we affirm. See Shen v. Leo A. Daly Co., 222 F.3d 472, 477 (8th Cir. 2000).

In reviewing PSI Inspection's claims of factual error, we do not reweigh the evidence. See Nat'l Am. Ins. Co. v. Hogan, 173 F.3d 1097, 1109 (8th Cir. 1999). "Where there are two permissible views of the evidence, the [district court]'s choice between them cannot be clearly erroneous." Id. (quoting Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985)). PSI Inspection disputes the district court's conclusion that it abandoned its mark during the five-year suspension of its NRC testing license. PSI Inspection asserts it was the senior user of the mark in the Kansas City area, the inspection division did not cease operations, and it continued to offer radiographic testing during its NRC suspension. In addition, PSI Inspection argues the two companies were not direct competitors but peacefully and knowingly coexisted for several years. Having carefully reviewed the record, we find PSI Inspection's view presents, at best, merely one of two permissible interpretations. Thus, the district court's findings are not clearly erroneous. Id. Because we find the district court did not abuse its discretion in ordering a permanent injunction, we reject PSI Inspection's

---

[**]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

claim that the preliminary injunction was granted in error.  See Bank One, Utah v. Guttau, 190 F.3d 844, 847 (8th Cir. 1999), cert. denied, 529 U.S. 1087 (2000).

Finding no clear error or abuse of discretion, we thus affirm.  See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.