2001 SD 133

# FIRST WESTERN FEDERAL SAVINGS BANK, Appellant,

v.

# The FIRST WESTERN BANK STURGIS, Sturgis, South Dakota, and the First Western Bank Wall, Wall, South Dakota, Appellees.

Nos. 21847, 21848.

Supreme Court of South Dakota.

Considered on Briefs Oct. 2, 2001.

Decided Nov. 7, 2001.

Curtis S. Jensen of DeMersseman, Jensen, LLP, Rapid City, for appellant.

George N. Manolis of Churchill, Manolis, Freeman, Kludt, Shelton & Burns, Huron, for appellees.

SABERS, Justice.

[¶ 1.] First Western Bank Sturgis (FWB Sturgis) and First Western Bank Wall (FWB Wall) sought to establish branch locations in Rapid City, South Dakota. First Western Federal Savings Bank of Rapid City (FW Fed Sav RC) objected to the applications because it believed the similarity in the banks' names would create confusion in the banking community. The South Dakota Banking Commission (Commission) approved the branch applications of both banks and entered findings of fact and conclusions of law consistent with its decision. FW Fed Sav RC appealed the Commission's decision to the Sixth Judicial Circuit, which affirmed. FW Fed Sav RC appeals and we affirm.

### FACTS

[¶ 2.] FWB Sturgis and FWB Wall submitted applications to the Commission under SDCL 51A–2–16 to open branch banks in Rapid City. FW Fed Sav RC opposed the branch applications on the basis that the similarity in the names of the banking institutions would cause public confusion in the Rapid City community.

[¶ 3.] FWB Sturgis proposed to offer general banking services to the Rapid City community. It has branches in Spearfish, Belle Fourche and Deadwood. The bank's total deposits are approximately $200 million. The city of Sturgis is located approximately 39.5 miles from Rapid City. It has a significant customer base in Rapid City. Its proposed branch office building is on the Sturgis side of Rapid City.

[¶ 4.] FWB Wall proposed to offer general banking services to the Rapid City community. It operates branches in New Underwood, Hot Springs and Edgemont. Its application estimates total deposits of $80 million. The city of Wall is located approximately 56 miles from Rapid City. It also has a significant customer base in Rapid City. Its proposed branch office building is in downtown Rapid City.

[¶ 5.] FWB Sturgis and FWB Wall are owned by the holding company of First Western Bancorp, Inc., (FW Bancorp) which has operated under the name The First Western Bank since its inception in 1963. FW Bancorp, Inc., is the second largest provider of commercial banking services in the Black Hills area. Of the five largest commercial banks in the Black Hills, it is the only one without a Rapid City location. FW Bancorp has approximately 18.8% of the Black Hills' market share of banking services.

[¶ 6.] FW Fed Sav RC was established as First Western Federal Savings and Loan in 1979. It began operating under its current name in 1985. While offering a variety of general banking services, it is primarily engaged in the business of real estate lending, like a federal savings and loan. It has approximately $25 million in total assets.

[¶ 7.] Upon review of the branch applications, the Director of the Division of Banking submitted a report to the Commission recommending that the applications of both FWB Sturgis and FWB Wall be approved. The Commission held an administrative hearing in Pierre on July 10, 2000. Based on the evidence at the hearing, the Commission approved both applications.

[¶ 8.] In its findings of fact and conclusions of law, the Commission concluded that there was a need for a branch bank to be located in Rapid City. The Commission concluded that the Rapid City community and trade area had the ability to support the branch banks in question. The Commission also concluded that "First Western Federal Savings Bank did not have prior trade, trademark, service mark, or trade identity rights to the trade area involved in the branch bank application." Finally, the Commission concluded that the names of FWB Sturgis and FWB Wall "are not likely to create any meaningful confusion."

## STANDARD OF REVIEW

[¶ 9.] This Court clarified the standard of review for administrative appeals in *Sopko v. C & R Transfer Co., Inc.*, 1998 SD 8, ¶¶ 6–7, 575 N.W.2d 225, 228–29. SDCL 1–26–36 "requires us to give great weight to the findings and inferences made by the [agency] on factual questions." *Id.* at ¶ 6, 575 N.W.2d at 228. Agency findings are examined "in the same manner as the circuit court to decide whether they were clearly erroneous in light of all the evidence. If after careful review of the entire record we are definitely and firmly convinced a mistake has been committed, only then will we reverse." *Id.* An agency's conclusions of law, however, are fully reviewable. *Id.*

[¶ 10.] **WHETHER THE COMMISSION ERRED IN FINDING THAT THERE WAS NO LIKELIHOOD OF PUBLIC CONFUSION BETWEEN THE NAMES OF APPLICANTS FIRST WESTERN BANK WALL AND STURGIS AND FIRST WESTERN FEDERAL SAVINGS BANK OF RAPID CITY.**

[¶ 11.] FW Fed Sav RC argues that the Commission failed to take into account SDCL 51A–7–28 when examining the branch applications of FWB Sturgis and FWB Wall. FW Fed Sav RC asserts that this statute prohibits the approval of the

branch applications. SDCL 51A–7–28 provides:

> No provision of this chapter permits any person, partnership, association or corporation to identify a newly formed bank, to rename an existing bank, or *to open a branch of* a newly formed or *existing bank, if the effect of such* formation, *opening* or renaming *would be likely to create confusion between the trade name, trademark, service mark, or trade identity of such bank or branch and an existing bank or branch having prior trade name, trademark, service mark, or trade identity rights in the trade area sought to be entered by such newly formed* or renamed bank or branch.

(emphasis added).

[¶ 12.] FW Fed Sav RC argues that allowing FWB Sturgis and FWB Wall to open branch banks in Rapid City will create public confusion as to the services offered by the banks. It "bears the burden of proving that [First Western Bank Sturgis and First Western Bank Wall's] use of [their] full legal name[s] would create a likelihood of confusion, deception, or mistake among an appreciable number of ordinary consumers as to the source of or association between the banks' services." *First Nat'l Bank in Sioux Falls v. First Nat'l Bank, South Dakota*, 153 F.3d 885, 888 (8th Cir.1996). " 'Whether there may be a likelihood of confusion among consumers is a factual question' to be resolved by considering various factors related to the case at hand." *Phipps Bros. v. Nelson's Oil and Gas*, 508 N.W.2d 885, 887 (S.D. 1993) (quoting *Time Out, Inc. v. Karras*, 392 N.W.2d 434, 438 (S.D.1986)).

[¶ 13.] When determining whether there is a likelihood of confusion, the trial court should examine: "the strength of the plaintiff's service or trademark; the competitive proximity of the parties' marks, the alleged infringer's intent to confuse; the degree of care reasonably expected of potential customers; the similarity between the parties' marks; and evidence of actual confusion." *First Nat'l Bank in Sioux Falls*, 153 F.3d at 888. "Proof of likelihood of confusion in trademark infringement cases does not require actual confusion; however, a mere possibility is not enough. There must be a 'substantial likelihood that the public will be confused.' " *Phipps Bros.*, 508 N.W.2d at 888 (quoting *Vitek Sys., Inc. v. Abbot Labs.*, 675 F.2d 190, 192 (8th Cir.1982)).

[¶ 14.] In *First National Bank of Sioux Falls*, the district court upheld an injunction preventing First National Bank of South Dakota from using a shortened form of its name, such as First National or First National Bank, but refused to grant an injunction preventing First National Bank of South Dakota from using its full legal name. *First Nat'l Bank in Sioux Falls*, 153 F.3d at 886. The district court concluded that First National Bank of Sioux Falls had failed to show by "a preponderance of the evidence that the use of the full legal name First National Bank South Dakota would create a likelihood of confusion, 'particularly if defendant uses its full legal name in conjunction with its 'circle–1' logo in graphic presentation.' " *Id.* at 889.

[¶ 15.] Furthermore, in *First National Bank in Sioux Falls*, the district court held:

> that consumers tend to exercise a relatively high degree of care in selecting banking services. As a result, customers are more likely to notice what, in other contexts, may be relatively minor differences in names. We recognize that other courts have determined there to be minimal or no likelihood of confusion even where the names of financial institutions share the same dominant terms.

*Id.* at 889–90. *See also First Savings Bank, F.S.B. v. First Bank Sys., Inc.*, 101

F.3d 645, 653 (10th Cir.1996) (holding there was no likelihood of confusion between "First Bank" and "First Bank System"); *First Bank v. First Bank Sys., Inc.,* 909 F.Supp. 657, 661 (S.D.Iowa 1995) (holding confusion between names "First Bank" and "First Bank Iowa" is manageable), aff'd, 84 F.3d 1040 (8th Cir.1996). Similarly, FW Fed Sav RC has failed to show that the use of FWB Sturgis or FWB Wall's full legal name would create a likelihood of confusion.

[¶ 16.] The Commission also found that FW Fed Sav RC "has not established, nor does it have as a matter of fact, prior trade name, trademark, service mark, or trade identity rights to the trade area which is involved in the applicants' branch bank applications . . . ." Accordingly, the Commission concluded that "[t]he names of applicant and the opponent have not and are not likely to create any meaningful confusion." These findings are supported by the evidence and are not clearly erroneous.

[¶ 17.] There is no likelihood of confusion with respect to the principal services offered by the banks. Evidence presented at the Commission hearing established that FW Fed Sav RC is primarily a real estate lending operation, a federal savings and loan. This area of banking specialty comprises only a small portion of either FWB Sturgis or FWB Wall's banking business. FWB Sturgis and FWB Wall offer more generalized banking services.

[¶ 18.] Even the testimony of the president of FW Fed Sav RC, Jeffrey Fullerton, fails to establish confusion in the use of the names. Fullerton testified that, while there have been instances of confusion between the names of his bank and FWB Sturgis, "[his bank does not] get much confusion that I am aware of with [The First Western Bank] Wall." Fullerton further testified that any competition from FWB Sturgis and FWB Wall did not con-

cern him because he believes FW Fed Sav RC is "unique." He stated that at the time FW Fed Sav RC selected its present name in 1985, it was aware that FWB Wall had been operating under the name The First Western Bank since 1963. Fullerton also admitted that his bank had always been able to handle any instances of name confusion in the past and had never believed any action was necessary to remedy any problems. The president of FWB Wall, Norbert Sebade, testified that no customer of FW Fed Sav RC or his bank has ever spoken with him about any confusion regarding the names of the two banks. The president of FWB Sturgis, John Johnson, testified that he does not believe that the names of his bank and FW Fed Sav RC are similar. He further testified that he considers Rapid City to be within his bank's trade area.

[¶ 19.] FW Fed Sav RC has failed to establish that it has exclusive trade rights to the Rapid City trade area. The Commission concluded that Rapid City was within the trade area of both FWB Sturgis and FWB Wall. The Commission further concluded that FW Fed Sav RC and FWB Sturgis have conducted business in the Rapid City trade area since 1986 and that FWB Wall has conducted business in the area since 1963. FW Fed Sav RC has established no trade rights in the Rapid City area to the exclusion of FWB Sturgis and FWB Wall.

[¶ 20.] FW Fed Sav RC has failed to demonstrate that the Commission's findings, are clearly erroneous. Therefore, we affirm.

[¶ 21.] GILBERTSON, Chief Justice, AMUNDSON and KONENKAMP, Justices, and GORS, Circuit Judge, Acting Supreme Court Justice, concur.